**In the Matter of the 1994 ASSESSMENT OF REAL PROPERTY OF LEXINGTON DEVELOPMENT GROUP LLC.**

**No. 86791.**

Court of Appeals of Oklahoma, Division 4.

June 25, 1996.

James E. Green, Jr., Richard J. Harris, Lipe, Green, Paschal, Trump & Bragg, P.C., Tulsa, for Appellant.

Dick A. Blakeley, Assistant District Attorney, Tulsa, for Appellees.

RAPP, Chief Judge.

Lexington Development Group LLC appeals the trial court's decision granting summary judgment in favor of the County Assessor and the Tulsa County Board of Equalization. The dispositive issue in this appeal is whether the statute, 68 O.S.1991, § 2817(H), applies to development realty being prepared for single family home construction.

The facts are not disputed. Lexington owned undeveloped land in a residential subdivision in Tulsa that was divided into individual lots, subject to a restrictive covenant limiting use to single family residential purposes. Lexington began developing the unimproved land for home construction by installing sewers, water lines, paving, streets, signs, street lights, utility conduits, a lift station, a retaining wall, an entryway, and fences.

On January 1, 1994, the Assessor valued the properties in the subdivision according to each individual lot's *fair cash value* for its highest and best use as an improved lot.[1] Lexington protested the valuations. The Assessor then reduced the valuation for some lots down to Lexington's asking price. The Board of Equalization sustained the asking price valuations and lowered all lots to the asking price. Lexington appealed to the district court.

Lexington, in the trial court, moved for summary judgment, alleging the property should have been assessed pursuant to 68 O.S.1991, § 2817(H), at the value of the unimproved land plus the cost of the materials used for improvements. The trial court held that section 2817(H)[2] was not intended to apply to the type of improvements made by Lexington, and entered summary judgment for the Assessor and Board. Lexington appeals.

---

1. "Fair cash value" is defined in 68 O.S.1991, § 2802(18), as follows:

   "Fair cash value" means the value or price at which a *willing buyer would purchase* property and a willing seller would sell property if both parties are knowledgeable about the property and its uses and if neither party is under any undue pressure to buy or sell and for real property shall mean the value for the highest and best use for which such property was actually used, or was previously classified for use, during the calendar year next preceding the applicable January 1 assessment date. (Emphasis added.)

2. 68 O.S.1991, § 2817(H), states:

   If any real property shall become taxable after January 1 of any year, the county assessor shall assess the same and place it upon the tax rolls for the next ensuing year; or when any improvements or buildings having value are placed upon real estate after January 1 of any year, the value of such improvements shall be added by the county assessor to the assessed valuation for the next ensuing year; however, in case such improvements or buildings are new construction for single family residential purposes only, such improvements or buildings shall be deemed completed and to have a value for assessment purposes when such improvements or buildings shall have been conveyed to a bona fide purchaser or when they have been occupied, whichever shall first occur before January 1 of the initial assessment year; in the event that such single family residential improvements were not conveyed to a bona fide purchaser, occupied or completed within the year prior to January 1 of the initial assessment year, the county assessor shall assess such improvements based on the fair market value of the materials used therein. The county assessor shall continue to assess such improvements or buildings based upon the fair market value of the materials used therein until such single family residential improvements are conveyed to a bona fide purchaser or occupied.

Application and construction of the statute as it applies to single family residential development will be determinative. The basic facts again reiterated are these: Lexington purchased undeveloped realty, divided it into single family residential lots, and added the physical plant improvements required to present a saleable package to the public at plaintiff's asking price per lot or the lot's fair market value.

Lexington in its argument ignores subsection (B) of the statute establishing fair market value, which states in part:

> All taxable real property shall be assessed annually as of the first day of January, *at its fair cash value, estimated at the price it would bring at a fair voluntary sale for:*
>
> 1. The highest and best use for which such property was actually used during the preceding calendar year; or
>
> 2. The highest and best use for which such property was last classified for use if not actually used during the preceding calendar year.... (Emphasis added.)

According to this subsection, the correct assessment depends on the highest and best use for which the property was actually utilized the year prior to the January 1 deadline, or, if not used, the highest and best use for which the property was last classified for use. Thus, although a developer commences general improvements sufficient to sell lots and to establish the fair market value, assessment of each lot cannot be based on improved value under section 2817(H) until actual construction of the single-family dwelling is begun on that lot. Or, stated another way, subsection 2817(H) can only be applied to the fair market value of the materials physically used in the construction of the single-family residence being placed on the lot. See Op.Okla.Att'y Gen. 95–89 (1996).

Thus, subsection 2817(H), together with that of the statutory definition of fair cash value set out in footnote 1 herein, makes clear that the correct assessment is the fair market value or the developer's asking price for the lot. The assessment of lot improvements shall be based on the fair market value of the *materials* used only where:

(1) the improvements are part of or all of the *new construction on the lot for a single-family residence;* and

(2) the improvements have not been conveyed to a bona fide purchaser or occupier.

Lexington failed to establish that the subdivision improvements undertaken in preparation for sale of lots were the kind of improvements which would make section 2817(H) applicable in the face of the entire statute. Thus, it must be concluded the trial court was correct, and it is accordingly affirmed.

AFFIRMED.

TAYLOR, P.J., and REIF, J., concur.